MARGARET HARTY *vs.* MABEL E. HASKELL ET AL.

Third Judicial District, Bridgeport, April Term, 1928.
MALTBIE, HAINES, HINMAN, BANKS and WOLFE, Js.

Argued April 18th—decided June 18th, 1928.

*Franklin Coeller,* for the appellant (defendant Carlo Riccitelli).

*Philip Reich,* with whom, on the brief, was *Samuel Reich,* for the appellee (plaintiff).

PER. CURIAM. The plaintiff is seeking to recover damages for injuries alleged to have been caused by the negligence of the drivers of two automobiles, each owned by one of the defendants, which collided, throwing one of them directly in the pathway of a third, in which the plaintiff was riding. The entire charge of the trial court upon the issue of liability is embraced in eight sentences, occupying about a printed page of the record. It speaks of negligence, contributory negligence, and proximate cause; but nowhere is there a statement of that standard of reasonable care which, at common law, operators of motor vehicles are required to use nor any adequate reference to applicable provisions of statutory law, a breach of which would constitute negligence; and nowhere is . there any explanation of the doctrines of contributory negligence and proximate cause or of their application to the facts of this case. Indeed, the use by the trial court, without qualification, of the words "careless" and "careful" with reference to the obligations of the operators of the automobiles was in effect an invitation to the jury to adopt its own standard of due care for the particular case. Charges in negligence cases no doubt are often too long and complicated ideally to serve as practical guides to the jury and an effort toward simplicity and brevity would be most com-

mendable, but the present charge is lacking in the very fundamentals necessary for the adequate guidance of the jury in the discharge of its duty. *Lindquist v. Marikle,* 99 Conn. 233, 121 Atl. 474.

There is error, the judgment is set aside and a new trial ordered.