RICHARD H. IRELAND, ADMINISTRATOR (ESTATE OF AURELIO D. RICCI) *vs.* THE CONNECTICUT COMPANY ET AL.

Third Judicial District, Bridgeport, April Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued April 15th—decided June 2d, 1930.

*William F. Tammany,* for the appellant (plaintiff).

*Seth W. Baldwin,* for the appellee (defendant The Connecticut Company).

*William A. Bree,* with whom was *H. Frederick Day,* for the appellee (defendant City of Stamford).

MALTBIE, J. This accident arose out of a collision upon a highway in the city of Stamford between an automobile being operated by the plaintiff's intestate and a trolley car of the defendant company. The company and the city were both made defendants. As regards the company the complaint alleged negli-- gence in the manner in which its trolley car was being operated and also a failure on its part to keep the portion of the highway adjacent to the rails of its track in proper condition, and as regards the city it alleged a failure to maintain the highway as a whole in a proper condition. The trial court directed a verdict for the defendant city. As against the Connecti- cut Company the jury found the issues for the plaintiff. The plaintiff moved the court to set aside the verdict so far as it found the issues for the city and the court denied the motion. The Connecticut Company moved to have the verdict set aside so far as it found the issues against it and this motion the

court granted. From both of these rulings the plaintiff has appealed.

As regards the defects in the highway, the plaintiff's claim was that the intestate had been driving along the highway with his two left wheels between the rails of the track and, seeing a trolley car approaching, he attempted to turn off the track to his right but, because the surface of the roadway next to the rail of the track had been worn away, his wheels slid along the rail instead of going over it, until it was too late to avoid a collision. Upon this claim it is obvious that the only defect in the highway which could be the immediate cause of the accident would be in that portion of the roadway just inside and next to the rail. Chapter 181 of the Public Acts of 1925 places upon street railway companies the duty to maintain and repair so much of any highway as is contained within eight inches of each side of each rail of its track and provides that municipalities shall not be liable for any injuries due to any defect in such portions of the highway. As the immediate cause of the accident under the plaintiff's claim must have been a defect next the rail, any defect for which the city would be liable could have been at most but a concurring or contributing cause. It necessarily follows that the city could not be liable for such a defect, for it is only when a defect for which it is liable is the sole cause of the injury that the statute permitting a recovery of damages caused by it applies. *Gustafson* v. *Meriden,* 103 Conn. 598, 604, 131 Atl. 437. The trial court was correct in directing a verdict for the defendant city.

The jury might have found the following to be the facts. The defendant company maintained a single trolley track at about the center of the highway. The roadway is narrow, the traveled way easterly of the

track being from nine to sixteen feet wide, with a row of trees at the edge of the pavement and a ridge of earth in front of them, so that, while an automobile and a trolley car can pass, care in operating them is required in order to avoid accident. There is a slight hill over which a trolley car comes as it proceeds in a southerly direction. On the day of the accident the pavement of the highway was in poor condition for some distance from the place of the collision; outside the rails there were holes and uneven spots; inside the rails the pavement was much worn and at places they projected above the surface of the road. In the evening after dark the deceased with a companion was driving northerly upon the highway and was proceeding with his left wheels between the rails of the track and his right wheels on the pavement outside the track. The lights upon his automobile were lit. It had been raining and the roadway and rails were wet. When the trolley car of the defendant came over the hill the automobile was from three hundred to five hundred feet distant. As the trolley car approached, the driver of the automobile was pulling at the steering wheel in an attempt to turn from the track, but his wheels slid along the rail and he could not get out. When the trolley car was some forty-five feet away his companion said: "My God, look out for that trolley car," and the deceased replied, "I am trying to." Just before the collision the left front wheel of the automobile crossed the track, but too late to avoid the accident. The motorman had been operating over this route more or less for thirteen years and knew the condition of the pavement, the situation with reference to the traveled roadway and that, as he testified, "There was plenty of room for an automobile and a trolley to pass provided good judgment was used on the part of both

people." He had seen the lights of the automobile when he came over the hill, but judged it to be outside the track on the easterly side of the roadway and did not pay much attention to it at first. The trolley car was coasting down the hill at a speed of twelve to fifteen miles. When the motorman realized that the automobile was on the track, it was only about forty or fifty feet away. He then put his brakes on hard and went into reverse, but the trolley car could not be stopped before the collision. It ran about eighty feet after the brakes were applied.

If the jury found these to be the facts, the question of negligence on the part of the defendant's motorman was certainly one of fact for determination by the jury. Considering the condition of the pavement, the narrow space where the trolley car might have to pass the automobile and that the situation was somewhat dangerous and required the exercise of good judgment by operators of both vehicles, they might reasonably have found him negligent in failing to keep a closer watch upon the approaching automobile, in not discovering it was partly upon the track until it was only some forty or fifty feet away, and in failing to have his car under such control that he could stop it when he saw or ought to have seen that a collision was imminent. As regards the conduct of the deceased, the jury might reasonably have found that the condition of the pavement was such as naturally to lead him to drive with his left wheels on the track until he came sufficiently near to the trolley car so that in the exercise of reasonable care he was required to turn out, that he did start to turn from the track in time to avoid the trolley, that had his wheels not slid along the rails, he would have escaped the collision, and that there was nothing in the evidence to charge him with knowledge that this was likely to occur

to the extent that it did. A finding that the deceased was not guilty of contributory negligence was within the province of the jury. *Livingston* v. *Chambers,* 191 Iowa, 966, 183 N. W. 429; *Speakes Lime & Cement Co.* v. *Duluth Street Ry. Co.,* 172 Wis. 475, 179 N. W. 596. The case is very different from *Petrillo* v. *Connecticut Co.,* 92 Conn. 235, 102 Atl. 607, relied upon by the defendant company. There it was said that the evidence unmistakably showed the plaintiff guilty of contributory negligence "in that he failed to discover, as in the exercise of ordinary prudence he should have done, the presence of the defendant's trolley car approaching him from the front when it was some distance away and plainly visible, or omitted to take with reasonable promptness the simple precaution . . . of turning his machine off . . . the defendant's tracks, over one rail of which his right-hand wheels at the time extended." In the case before us the jury might have found that the deceased attempted to turn from the track in time to have avoided the collision, but did not succeed because of the unexpected sliding of the wheels of the car along the slippery rail.

As there was evidence sufficient to sustain a verdict for the plaintiff against the Connecticut Company upon the ground of negligence in the manner in which the trolley car was operated, it is not necessary to consider whether or not it might have been sustained upon the ground of the failure of the company to maintain the roadway along the rails of its track under the statute already referred to. *Pratt, Read & Co.* v. *New York, N. H. & H. R. Co.,* 102 Conn. 735, 739, 130 Atl. 102; *Menzie* v. *Kalmonowitz,* 107 Conn. 197, 200, 139 Atl. 698. The Connecticut Company filed a bill of exceptions based upon the admission of certain exhibits in evidence. These included some photo-

graphs of the roadway in the vicinity of the place where the accident happened. Upon the issues of negligence in the operation of the trolley car and contributory negligence upon the part of the deceased, they tended to show the situation with reference to the character of the highway and the condition of the roadway and were not so unrelated to the accident as not to be admissible in the discretion of the trial court. As bearing upon the issue of defects in the highway along the rails of the company's tracks, which caused the accident, certain of them were open to serious objection because they showed portions of the highway which could not upon the evidence have been involved in the accident. *Gustafson* v. *Meriden,* 103 Conn. 598, 600, 131 Atl. 437. The error in admitting them as bearing upon this issue must, however, be regarded as harmless, as the situation presented by the diverse claims of liability made in this complaint brings into operation the rule that the general verdict, reached without error upon one basis of liability, must stand though there be error as to another. *Ziman* v. *Whitley,* 110 Conn. 108, 147 Atl. 370. The bill of exceptions also claimed error in the use of a section of a trolley rail for illustrative purposes in connection with the testimony of witnesses and not as being from the track in question or necessarily exactly like its rails. In the absence of anything in the bill of exceptions showing a misuse of this exhibit, we cannot find an abuse of discretion on the part of the trial court in admitting it. The brief reference in the argument of counsel for the defendant to the effect that the deceased was unfamiliar with the roadway, based upon testimony which had been stricken out upon objection, cannot be regarded as sufficiently harmful to justify a new trial, particularly as the remark was qualified when attention was called to the matter, by

a reference to the deceased as not entirely familiar with the road, as contrasted with certain witnesses who lived in the immediate vicinity.

There is no error as regards the defendant the city of Stamford and the judgment in its favor is affirmed; there is error as regards the defendant The Connecticut Company and the cause is remanded with direction to enter judgment upon the verdict for the plaintiff against it.

In this opinion the other judges concurred.