PHILOGENE C. BEAUDETTE *vs.* THE CONNECTICUT COMPANY.

Second Judicial District, Norwich, April Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued April 29th—decided June 13th, 1930.

*Cyril Coleman,* with whom, on the brief, was *James W. Carpenter,* for the appellant (defendant).

*Charles V. James,* with whom, on the brief, was *Arthur M. Brown,* for the appellee (plaintiff).

WHEELER, C. J.   The action arose out of a collision between a passenger bus and a trolley car in a highway in Norwich.

The plaintiff offered evidence to prove: That the collision was due to the negligence of the motorman of the trolley car in that, (a) he operated his car without headlights recklessly at a speed greater than was reasonable, having regard to the width, traffic and use of the highway, the location of the tracks at this crossing, and the weather conditions, so as to endanger the life and limb of persons using the highway, (b) he failed to give warning of his approach, (c) he failed to observe the approach of the bus, (d) he failed to have the trolley car under control or to slacken its speed or stop the same before approaching the crossing; and that the plaintiff was free from any negligence essentially or materially contributing to the accident.

The defendant offered evidence to prove: (a) That the collision occurred solely as a result of the negligence of the plaintiff in turning into the crossing when the trolley car was practically on top of him, (b) in failing to give the motorman any signal of his intention and without giving the motorman any opportunity to avoid the accident.

No claim is made that the court did not instruct the jury correctly upon the subject of the duty of the motorman and of the driver of the bus, nor upon the burden which rested upon the plaintiff to prove at least one of the grounds of negligence and that the plaintiff was free from contributory negligence essen-

tially contributing to the injuries suffered by him from this collision. The verdict of the jury in favor of the plaintiff imports that these issues were found adversely to the defendant.

The court very explicitly instructed the jury that the plaintiff could not recover if the jury found that neither motorman nor driver could have avoided the accident, in other words, that it was a mis-adventure without the fault of either. The verdict imports that the jury found against this theory of the accident and neither of the parties so claimed.

We thus have a situation where the collision was not a mere mis-adventure, and was not due to the contributory negligence of the plaintiff and the jury has found that the defendant was negligent as alleged at the time of the accident. Under such circumstances no conclusion is permissible except that the defendant's negligence did cause the collision which resulted in the damage to the bus. That can only mean that the defendant's negligence was the proximate cause of this accident.

The sole question which the defendant presses on the appeal is whether the court erred in failing to charge the jury on the legal definition, meaning or test of proximate cause. What has been said indicates that that was not a contestable issue in the case and that the instruction of the court to which we have referred coupled with the claims of the parties and the finding of the jury made an instruction upon the subject of proximate cause of less importance than it would have been had it been a contested issue in the case. While the charge fails to give a specific definition or explanation of the term proximate cause it is a mis-reading of the charge to assert that the court wholly ignored this essential element in an action of negligence.

At the beginning of the charge the court in explaining the nature of the action said that the complaint alleged that the plaintiff was struck by the trolley car by reason of the negligence of the operator in the operation of the car. The court then explained with clearness the essential part that the contributory negligence of the plaintiff if found, would play in the plaintiff's case and concluded, "If you find that the plaintiff has proven by a fair preponderance of the evidence that he was free from negligence materially or essentially contributing to his injuries or the injuries to his bus, then you will consider whether or not he has proven by a fair preponderance of the evidence that the operator of the defendant's trolley car was negligent in one or more of the ways alleged in the complaint." The jury must by this time have understood that it was necessary for the plaintiff to prove that the accident occurred through or was caused solely by defendant's own negligence in one or more of the grounds alleged in the complaint.

But the court did not leave the subject-matter of proximate cause there. Following the explanation of the grounds of negligence the instruction proceeded, "If he failed to perform his duty in any one of these respects he would be negligent, and if by reason thereof the collision was caused, of course the defendant company would be liable." Here was the direct statement that if the collision was caused by any of the specified acts of negligence the liability of the defendant would follow. This was a practical explanation of the element essential to be proved in a negligence action and termed the proximate cause. The jury could not have gone astray, (1) because that element was not a contested issue and (2) the court gave a sufficient explanation of it to guide the jury to a right conclusion. Later in the charge it is true the court

made use of the term "proximate cause" several times without attempting to define or further explain or apply it. For the reasons given we cannot hold this to have been a harmful error. That the charge upon this point is not a model charge and might not be a sufficient guide for a jury in some other case may be true, but as to this case manifestly the jury could not well have failed to understand and apply all of the elements necessary for the plaintiff to prove in order to recover a verdict. Counsel for the appellant liken this case to the cases of *Harty* v. *Haskell*, 108 Conn. 95, 142 Atl. 466, and *Skaling* v. *Sheedy*, 101 Conn. 545, 126 Atl. 721. They are far apart, so much so that a detailed reference to the facts and charge in each of these cases should be unnecessary.

There is no error.

In this opinion the other judges concurred.