EMERSON J. PARKER *vs.* CITY OF HARTFORD.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued February 2d—decided March 4th, 1937.

A. A. *Ribicoff*, with whom was *A. S. Borden* and *Harold Borden*, Assistant Corporation Counsel, and, on the brief, *Vincent W. Dennis*, Corporation Counsel, for the appellant (defendant).

*Robert P. Butler*, with whom was *Paul Volpe*, for the appellee (plaintiff).

BANKS, J.   Plaintiff suffered injuries as the result of stepping into a gully on Pembroke Street in the city of Hartford.   From a verdict and judgment in his favor the defendant appealed alleging error in the denial of its motion to set aside the verdict, in the charge

of the court and its failure to charge upon certain aspects of the case, and in a ruling upon evidence.

The jury could reasonably have found the following facts: Pembroke Street is a public street, legally laid out and accepted in 1913, running westerly from Blue Hills Avenue, and is crossed by Cornwall Street one block west of Blue Hills Avenue. On the northerly side of the street west of Cornwall Street there are three houses in the most westerly of which the plaintiff resided. The surface of the traveled portion of Pembroke Street from its eastern terminus to a point about ten feet east of the west property line of the plaintiff's premises is macadam, and on the north side of the street there is a finished sidewalk and curb and gutter up to about the same point. From this point to the westerly terminus of the street, a distance of several hundred feet, it is rough graded, and at either side of the roadway the space reserved for sidewalks is rough graded. The surface of this portion of the street is of clay in which there are numerous holes and gullies. There is a sewer, constructed by the defendant city, running throughout the length of the street substantially in the center of the roadway, with manholes opening into the surface of the street.

For more than two years prior to the date of the accident the street throughout its entire length had been open to public travel and there had been some use of the rough graded portion of it by vehicles and pedestrians. On the day of the accident there was a gully about twelve inches deep and varying in width from eight to twelve inches, beginning at the end of the curb and gutter on the north side of the street and extending westerly in the rough graded portion of the roadway a distance of about seven and a half feet. The easterly part of the gully was concealed by a growth of grass, but the westerly portion was open

and visible. This condition was one of long standing. The plaintiff knew of the existence of the gully west of the grass but did not know that it extended under the grass. A dog belonging to a member of plaintiff's family was tied by a leash to an electric light pole standing on the north side of the street between the rough graded sidewalk and roadway several feet west of the end of the finished sidewalk and curb. The dog became engaged in a fight with another dog, and the plaintiff, who was working in the garden in front of his house, started to go to the pole to unleash his dog. He stepped off the curb onto the macadam surface of the road intending to go around back of the dogs, stepped into the portion of the gully covered by grass, and was injured.

The defendant claims that the jury could not reasonably find that in allowing this gully to exist it breached its statutory duty to keep its streets in repair. The existence of the gully is conceded. That it was a defect in the highway is incontrovertible. Defendant's contention is that the portion of Pembroke Street west of the plaintiff's property was an unimproved street not open to public travel, and that it was under no duty to keep it in repair or remedy any defects existing in it. There is no question here of dedication or acceptance of the street as a public street. It is conceded that it is a public street. As such it was the defendant's duty to keep it in repair. It is not the case of a mere paper layout of a street. It was worked to grade and open to public travel. There was evidence that at one time there had been a fence across the street where the macadam surface ended but that it had been removed some two years before the accident. Being a public street, worked to grade and open to public travel, it cannot be said that the city was under no duty with respect to its supervision

and maintenance. It was its duty to use reasonable care to keep the street in reasonably safe condition in view of its character and location and of the travel upon it. This travel was slight, but the jury could reasonably find that the gully was a defect which the city in the performance of its duty should have discovered and remedied.

The defendant also claims that the court erred in not charging the jury that if a portion of the street was not open to public travel it was under no duty to keep it in repair. Defendant did not request such a charge and upon the finding it is clear that it was not entitled to it.

The complaint in the second count alleged that the existence of the gully constituted a nuisance. The court charged the jury that if they found the facts to be as claimed by the plaintiff under this count they should find that this condition constituted an absolute nuisance and that contributory negligence on the part of the plaintiff would not be a defense. Even if the gulley constituted a nuisance, it was a situation which was not created by the defendant and the only liability which could attach to it would be its failure to remedy the condition. To that failure governmental immunity would attach if it were not for the liability for a defect in a highway created by the statute. *Hoffman* v. *Bristol,* 113 Conn. 386, 391, 155 Atl. 499. The right to recover damages for injuries due to such conditions is only that given by the statute and in an action founded upon the statute contributory negligence is a defense. The court was in error in charging that there might be a recovery in this case based upon the existence of a nuisance, regardless of any negligence on the part of the plaintiff. Since there was a general verdict and this error only affects the cause of action stated in the second count, it must be regarded as harmless

if no error is found with relation to the cause of action under the first count. *Ziman* v. *Whitley,* 110 Conn. 108, 147 Atl. 370; *Ireland* v. *Connecticut Co.,* 111 Conn. 521, 150 Atl. 520.

Whether or not the plaintiff was in the exercise of due care was a question of fact for the jury. The court did not err in its refusal to set aside the verdict.

Defendant assigns as error the failure of the court to explain and define proximate cause in its charge, and its failure to charge that, in order to justify a recovery, the defect in the highway must have been the sole proximate cause of plaintiff's injuries. The court charged that in order to recover the plaintiff must prove that he suffered injury as a direct or substantial result of the defect, and that he did not materially contribute to his injuries by his own lack of reasonable care. It is of course true that, to entitle the plaintiff to recover, the defect must have been the sole proximate cause of his injuries, and that he had no right of action if his negligence or that of a third party was also a proximate cause. *Grenier* v. *Glastonbury,* 118 Conn. 477, 481, 173 Atl. 160; *Bartram* v. *Sharon,* 71 Conn. 686, 692, 43 Atl. 143. Here no question of the negligence of a third party was involved, and the jury were properly instructed as to the effect of contributory negligence on the part of the plaintiff. Upon the facts claimed to have been proved as set out in the finding, it is apparent that in the absence of contributory negligence of the plaintiff the fact that the defect in the highway was the proximate cause and the sole proximate cause of his injuries was not a contested issue in the case. In the absence of a request to charge as to this particular feature of the case, the charge as given was, upon this record, sufficient to guide the jury to a right conclusion. *Beaudette* v. *Connecticut Co.,* 111 Conn. 580, 582, 150 Atl. 209; *Corrievau* v.

*Associated Realty Corp.,* 122 Conn. 253, 257, 188 Atl. 436.

The defendant assigns error in certain portions of the charge, claiming that the court therein treated the case as though it were based on common-law negligence. The court, on the contrary, specifically told the jury that the first count of the complaint was based upon the statute, and that the cause of action set up therein was not a negligence action. The charge upon the question of negligence was in proper co-ordination with and subordination to the main rule of liability under the statute. *Gustafson* v. *Meriden,* 103 Conn. 598, 603, 604, 131 Atl. 437.

The defendant's claim that the court in effect withdrew from the consideration of the jury the question of the plaintiff's contributory negligence since, following a discussion of that question, it expressed regret that it was obliged to take the time to discuss that and other issues, is without merit. The court repeatedly charged that the plaintiff could not recover if his own negligence materially contributed to cause his injury, and the portion of the charge to which exception is taken could not have been understood as qualifying those instructions. It is easily explicable upon a consideration of the length of the charge.

The ruling excluding evidence as to the circumstances under which the street was originally laid out was clearly correct.

There is no error.

In this opinion the other judges concurred.