## ELIZABETH K. O'CONNELL, ADM'X.
### (Estate of James Kavanaugh)
*vs.*
## HOWARD PALMER, ET AL.

Superior Court    New Haven County    File #54645

MEMORANDUM FILED NOVEMBER 21, 1938.

Albert M. Herrman, of New Haven; Pond, Morgan & Morse, of New Haven, for the Plaintiff.

Earle A. Barker, of Branford; Edward R. Brumley, of New Haven, for the Defendants.

DICKENSON, J.   Paragraph six of the complaint sets up a dangerous condition in a highway arising out of grade, character of the pavement and proximity of railroad tracks that existed to the knowledge of the defendant town and was "allowed" by it to exist without guarding it with lights, signals, a fence or other safeguards, and thus "allowing" a nuisance to exist.

This defendant's second defense is that in maintaining this highway it was performing a governmental duty.

The plaintiff demurs to this defense for the reason that the cause of action against the defendant town "is one predicated upon maintenance. . . . of a nuisance" to which the defense of governmental immunity may not be raised.

While the plaintiff has characterized its allegation as one setting up nuisance and the defendant has taken him at his word, a consideration of the facts sets up in paragraph six of the complaint shows that it is no more than a claim of breach of statutory duty of the town under section 1420 of the General Statutes, Revision of 1930, and perhaps section 1419. It is not alleged that the defendant town created a nuisance and the claim that it maintained one, or "allowed" one to exist, has no greater force than a charge of breach of statutory duty. *Parker vs. Hartford,* 122 Conn. 500, 505.

The trouble with the demurrer, however, is that the second defense does not set up governmental immunity even though that may have been the intention. It no more than states in effect that it maintains those streets in a governmental capacity. It contains the only express admission in the defense of paragraph three of the complaint that the highway in question was under the control of the defendant town although by failure to deny this allegation it presumably admits it.

In short, the pleadings are not so framed that the Court may pass upon the question which the parties raised in argument and for that reason the demurrer is overruled.