## MARY JOAN MCCANN *v.* CITY OF NEW HAVEN
## (11899)

O'CONNELL, HEIMAN and FREEDMAN, Js.

Argued October 4—decision released November 16, 1993

*Michael F. O'Connor,* with whom, on the brief, was *Kevin Walsh,* for the appellant (plaintiff).

*Linsley J. Barbato,* assistant corporation counsel, for the appellee (defendant).

FREEDMAN, J. The plaintiff, Mary Joan McCann, appeals from the summary judgment rendered by the trial court in favor of the defendant city of New Haven. The plaintiff claims that the trial court improperly determined that the notice given to the defendant, pur-

suant to General Statutes § 13a-149, was inadequate as a matter of law.[1] We reverse the judgment of the trial court.

The relevant facts are as follows. On May 25, 1992, the plaintiff filed a two count revised complaint[2] alleging that on November 14, 1990, she suffered physical and emotional injuries as the result of a fall on a dangerous and defective roadway maintained by the defendant. In her complaint, the plaintiff alleged that "[n]otice of the incident was duly given to the defendant on December 18, 1990, a copy of which notice is attached hereto as Exhibit A." See General Statutes § 13a-149.[3] The notice sent to the defendant by the plaintiff provided that the fall occurred "where the road surface meets the curbing adjacent to 17 Hillhouse Avenue—east side of Hillhouse Avenue, New Haven, CT." The notice went on to state that the cause of the fall was a "[h]ole in [the] street surface; deteriorated street surface."

---

[1] The plaintiff further claims that even if the notice were inadequate as a matter of law, the saving clause contained in General Statutes § 13a-149 would validate the notice. Because of our disposition of this matter we need not reach this issue.

[2] The second count alleging the creation and maintenance of a nuisance by the defendant was withdrawn at the time of the hearing on the motion for summary judgment.

[3] General Statutes § 13a-149 provides in relevant part: "No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. If the injury has been caused by a structure legally placed on such road by a railroad company, it, and not the party bound to keep the road in repair, shall be liable therefor. No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."

On October 27, 1992, the defendant filed a motion for summary judgment on the ground that "the plaintiff has failed to provide the defendant with the proper statutory notice for the defective highway claim brought in the first count." Three affidavits accompanied the motion for summary judgment. The first was executed by the assessor for the defendant city who stated that "the dimensions of the property located at 17 Hillhouse Avenue are approximately 165 by 272 feet" and that the 272 foot dimension faced Hillhouse Avenue. The second affidavit was executed by an employee of the defendant's engineering department and stated that "the parcel located at 17 Hillhouse Avenue abuts approximately 270 linear feet of curbage fronting Hillhouse Avenue." The third affidavit was executed by one of the defendant's police officers who was a public liability investigator assigned to the office of the corporation counsel. This affidavit stated that the affiant "was unable to determine from the description in the notice which portion of the road surface the notice indicated" and that the affiant "was unable to locate the alleged defect from the description in the notice." The plaintiff filed an objection to the motion for summary judgment and a memorandum of law in support thereof, but filed no counteraffidavits. The trial court granted the motion for summary judgment. The trial court did not file a memorandum of decision. The plaintiff appeals from the granting of summary judgment.

"Summary judgment is a method of resolving litigation when the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Citations omitted; internal quotation

marks omitted.) *Strada* v. *Connecticut Newspapers, Inc.,* 193 Conn. 313, 316–17, 477 A.2d 1005 (1984).

Section 13a-149 provides that before an action for personal injury caused by a defective road may be brought against a municipality bound to keep it in repair, the claimant must first give the municipality "written notice of such injury and a general description of the same, and of the cause thereof and the time and place of its occurrence." "Whether notice is sufficient is normally a question of fact for the jury. . . . The sufficiency of the notice is to be tested by the purpose of the statute, and not by the requirements of a pleading. . . . The obvious purpose of [the statutory notice provision] is that the officers of municipal corporations, against which suits for injuries are about to be instituted, shall have such precise information as to time and place as will enable them to enquire into the facts of the case intelligently. . . . Notice is sufficient if it enables one of ordinary intelligence, using ordinary diligence *under the circumstances,* to ascertain where the injury occurred. . . ." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Bassin* v. *Stamford,* 26 Conn. App. 534, 539, 602 A.2d 1044 (1992).

Here, the notice informed the municipality that the defect was a "hole in [the] street surface; deteriorated street surface" and that the defect was located "where the road surface meets the curbing adjacent to 17 Hillhouse Avenue—east side of Hillhouse Avenue, New Haven, CT." While we recognize that the notice in this case is not a model of clarity, it cannot be said that, as a matter of law, it was so insufficient that it would not enable one of ordinary intelligence, using ordinary diligence under the circumstances of this case, to ascertain the defect and where it was located. See id. Neither the fact that the frontage of the property at 17 Hillhouse Avenue is 270 or 272

feet long, nor the fact that the investigator for the corporation counsel's office was unable to locate the defect is in and of itself sufficient to render the notice inadequate as a matter of law. Because there is a genuine issue as to the adequacy of the notice, which issue should properly have been submitted to the jury, the trial court should not have rendered summary judgment.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.