[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT CT Page 4136
Factual Background
This is an action for vexatious suit arising out of an action by the defendants, Reno and Florine Albert, against the plaintiff because of a boundary line dispute, which action resulted in a summary judgment in favor of the plaintiffs when the court (Aronson, J.) held that action to be time barred by the statute of limitations. The defendants, Reicher Proulx, were the attorneys for the Alberts in that action.
The plaintiffs then brought this action in which they allege that the previous action by the defendants was brought without probable cause in that: (1) the statute of limitations had lapsed; (2) there was no basis to charge Paula Castelli with the acts of her husband (removing a fence from the property); and (3) there was no basis for the claim that the acts of the plaintiffs caused personal injuries to Reno Albert.
All of the defendants have moved for summary judgment. They allege that there is no genuine issue of facts inasmuch as the Alberts acted on their attorneys' advice and the attorneys, based on the factual events alleged by the Alberts had probable cause to bring the initial action.
Law and Conclusion
Summary judgment is a method of resolving litigation when the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . ." McCann v. New Haven, 33 Conn. App. 56
(1993) citing Strada v. Connecticut Newspapers, Inc.,193 Conn. 313, 316-17 (1984). The test is whether a party would be entitled to a directed verdict on the same facts. United Oil Co. v. Urban Redevelopment Commission, 150 Conn. 364,375-76 (1969), citing White Motor Co. v. United States,372 U.S. 253, 259 83 S.Ct. 696, 9 L.Ed.2d 738 (63). CT Page 4137
The defendants' affidavits subscribe to their claims in the motions for summary judgment, i.e. that the suit was brought pursuant to the facts as alleged by the defendants. The plaintiff's affidavit does not contradict those facts (challenging the defendants motives or intent) but contradicts the facts of the incidents as alleged in the previous suit. In other words, the defendants' allegations of good faith (or probable cause) are not disputed by affidavit but are disputed by the plaintiffs in their briefs.
The question for this court then is whether or not it is permitted to enter summary judgment on the grounds that since there is no affidavit to the contrary, this court must conclude that it would have to direct a verdict in favor of the defendants.
This court concludes that it cannot so decide. Even though the plaintiffs have not executed an affidavit to the contrary, a jury would not be required to believe the allegations of the defendants. The jury would not be compelled to believe the defendants' motives and beliefs were pure and not without malice or probable cause.
"It is . . . well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." Batick v. Seymour, 186 Conn. 632, 646-7 (1982). This is such a case.
The motions of the defendants for summary judgment are therefore denied.
Freed, J.