[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 21, 1991, plaintiff claims to have fallen down on a public sidewalk in Plainville. On April 11, 1991, she gave written notice to the Plainville Town Clerk that she had retained legal representation as a result of "injuries she sustained in a fall." The letter also stated that she "was injured after she tripped over a defect in the sidewalk." No additional particulars were provided as to the nature of the injuries or the defect.
By a motion to strike of April 8, 1994, the town has moved to strike Counts One and Two of the complaint alleging injury to plaintiff and loss of consortium, respectively. The town claims that the written notice was defective in two respects: (1) in that it failed to provide a "general description" of plaintiff's injury, as required by General Statutes § 13a-149; and (2) in that it failed to describe the nature of the defect alleged to have caused plaintiff's fall. CT Page 6136 For the reasons stated below, the motion to strike is granted.
Unless a notice "patently fails" to comply with the requirements of § 13a-149, questions relating to a notice's adequacy are for the jury, not the court. Morico v. Cox,134 Conn. 218, 223 (1947). The purpose of the notice requirement of § 13a-149 "is not to set a trap for the unwary or to place an impediment in the way of an injured party who has an otherwise meritorious claim. Rather, the purpose of notice is to allow the municipality to make a proper investigation into the circumstances surrounding the claim in order to protect its financial interests." Pratt v. Old Saybrook, 225 Conn. 182 (1993);McCann v. New Haven, 33 Conn. App. 56 (1993). Moreover, as the statute contains a savings clause, it is to be liberally construed. Id., 183.
However, plaintiff's cause of action is a pure creature of statute. Where a notice fails to give any description whatever of the injury claimed, it is insufficient. Dunn v.Ives, 23 Conn. Sup. 113, 114-115 (1961). Marino v. Burns,120 Conn. 577 (1935), is still good law, is directly on point, and is dispositive. Marino stands for the proposition that the giving of adequate notice is a condition precedent to the maintenance of a falldown case against a town, and that a bare statement that a plaintiff "fell and was injured" is insufficient. Id., 580. Like Nicholaus v. Bridgeport, 117 Conn. 398,401-420 (1933), this case involves a notice which is not merely ambiguous, but which fails entirely to provide a required description.
The court views its conclusion as harsh but compelled by the cases and the statute given the facts presented in this case.
The motion to strike is granted because the notice fails entirely to provide a "general description" of the injuries alleged to have been suffered. In light of its ruling, the court does not reach the issue of whether the failure to describe the alleged defect with greater particularity provides an alternative basis for granting the motion. CT Page 6137