[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FACTS
This matter was heard by the Honorable Andre Kocay who died prior to issuing a decision. Upon review of and familiarization of myself with the proceedings, I issue this decision pursuant to General Statutes §51-183f and Stevens v. Hartford Accident and Indemnity Co.,29 Conn. App. 378, 383-86 (1981).
The plaintiff, Julia Boice, filed an amended complaint on February 28, 2001, alleging negligence and nuisance in four counts against the defendants, the City of New Britain (City), the Young Women's Christian Association (YWCA) and Metro Leasing Corporation, doing business as Dura Construction Company, (Dura), for injuries she suffered from a fall on a cracked sidewalk. Counts one (negligence) and three (nuisance) are against the City. Counts two (negligence) and four (nuisance) are each against both the YWCA and Dura.
On March 21, 2001 the City filed a motion to strike counts one (negligence) and three (nuisance) of the amended complaint. On June 29, 2001 the court, Shapiro, J., granted the City's motion to strike count three (nuisance) and denied the motion to strike count one (negligence) of the amended complaint.
On September 19, 2001, the City filed an answer to the amended complaint.
On August 30, 2002, the City moved for summary judgment on count one of the amended complaint on the grounds that Boice did not provide adequate notice of the location of the sidewalk defect and that the City was not the sole proximate cause of her injuries, as required by General Statutes § 13a-149. The City filed a memorandum in support of its motion for summary judgment including the following evidence: (1) unverified copies of photographs of the cracked sidewalk, (2) a certified copy of the CT Page 2478-f plaintiff's deposition testimony, and (3) copies of the notice of injury and the amended notice of injury that Boice gave to the City. Boice argues in opposition that there exist material issues of fact as to whether the notice she submitted to the City is adequate and as to whether she was contributorily negligent due to walking inattentively. Boice also argues that the City's motion for summary judgment was filed after the case had been scheduled for trial and that the City did not seek the court's permission to file its motion, pursuant to General Statutes § 17-44, and, therefore, the motion for summary judgment should be denied. Boice has submitted a brief in opposition to the motion for summary judgment and she includes the following evidence: (1) a copy of the first notice of injury, signed by the New Britain Town Clerk's Office, that was given to the City and identifies the location of the cracked sidewalk; (2) unverified photographs of the sidewalk and the surrounding area; and (3) a certified copy of her deposition testimony.
The pleadings and other documents presented reveal the following undisputed facts. On April 30, 1999, at approximately 9:00 a.m., Boice was walking on the sidewalk along Glen Street in the City of New Britain going in a northeasterly direction from the parking lot to the YWCA. (Boice's Amended Complaint, First Count, ¶ 4; Boice Deposition, pp. 13, 15.) Boice tripped over a cracked sidewalk and fell and was taken by ambulance to New Britain General Hospital where she was diagnosed with personal injuries. (Boice Deposition, pp. 16, 24, 25.)
 DISCUSSION
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Buell Industries, Inc. v. Greater NewYork Mutual Ins. Co., 259 Conn. 527, 550, 791 A.2d 489 (2002). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Id., 556. "[T]he court's function is not to decide issues of material fact, but rather to determine whether any such issues exist."Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). The CT Page 2478-g granting of summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp. , 233 Conn. 732, 751, 660 A.2d 810 (1995). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact."Id., 751-52.
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v. Rashaw, 193 Conn. 442,446, 476 A.2d 582 (1984). "Summary judgment procedure is especially ill-adapted to negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation . . . [T]he conclusion of negligence is necessarily one of fact . . ." (Citations omitted; internal quotation marks omitted.)Michaud v. Gurney, 168 Conn. 431, 434, 362 A.2d 857 (1975).
The City moves for summary judgment on the grounds that Boice failed to provide adequate notice of the location of the sidewalk defect and that the City was not the proximate cause of her injuries as required by General Statutes § 13a-149. The city recognizes that Boice did submit a notice of the location of the defect, (City's Motion for Summary Judgment, Exhibit C: Boice's Notice), but argues that Boice stated different locations for the defect in her deposition thereby rendering the notice inadequate. The City also argues that Boice was walking inattentively and is contributorily negligent. Boice argues in opposition that there exist material issues of fact as to whether the notice she submitted to the City is adequate and as to whether she was contributorily negligent due to walking inattentively.
General Statutes § 13a-149 provides in pertinent part, "[n]o action shall be maintained against any . . . city . . . unless written notice of such injury and . . . of the time and place of its occurrence shall . . . be given to a selectman or clerk of such town . . . No notice given under the provision of this section shall be held invalid or insufficient by reason of an inadequacy in describing the . . . place . . . if it appears that there was no intention to mislead or that such . . . city . . . was not in fact misled thereby." "The purpose of the notice requirement is not to set a trap for the unwary or to place an impediment in the way of an injured party who has an otherwise meritorious claim. Rather, the purpose of notice is to allow the municipality to make a proper investigation into the circumstances surrounding the claim in order to protect its financial interests." Pratt v. Old Saybrook, 225 Conn. 177,182, 621 A.2d 1322 (1993). "Unless a notice, in describing the place or CT Page 2478-h cause of an injury, patently meets or fails to meet this test [enough information for a party to make inquiries to protect their interests], the question of its adequacy is one for the jury and not for the court . . ." Morico v. Cox, 134 Conn. 218, 223, 56 A.2d 522 (1947). "Before submitting the question to the jury, however, the trial court must first determine whether, as a matter of law, a purported notice patently meets or fails to meet . . . the statutory requirements." (Internal quotation marks omitted.) Bresnan v. Frankel, 224 Conn. 23, 28, 615 A.2d 1040
(1992). "The statute requires that the notice contain the . . . place [where the injury occurred]." Martin v. Plainville, 240 Conn. 105, 109,689 A.2d 1125 (1997).
In McCann v. New Haven, 33 Conn. App. 56, 59, 633 A.2d 313 (1993), the court found the plaintiff's notice adequate and denied the municipality's motion for summary judgment where "the notice informed the municipality that the location of the defect was a `hole in [the] street surface; deteriorated street surface' and that the defect was located `where the road surface meets the curbing adjacent to 17 Hillhouse Avenue — east side of Hillhouse Avenue, New Haven, [Connecticut].'" The court said, "[w]hile we recognize that the notice in this case is not a model of clarity, it cannot be said that, as a matter of law, it was so insufficient that it would not enable one of ordinary intelligence, using ordinary diligence under the circumstances of this case, to ascertain the defect and where it was located . . . Neither the fact that the frontage of the property at 17 Hillhouse Avenue is 270 or 272 feet long, nor the fact that the investigator for the corporation counsel's office was unable to locate the defect is in and of itself sufficient to render the notice inadequate as a matter of law. Because there is a genuine issue as to the adequacy of the notice, [the] issue should properly have been submitted to the jury . . ." (Citation omitted.) Id., 59-60.
The notice submitted by Boice states, "THE FALL OCCURRED BECAUSE OF A BROKEN FLAG ON THE CITY SIDEWALK LOCATED ON THE EASTERLY SIDE OF GLEN STREET, APPROXIMATELY 27' 4" S.W. FROM THE SOUTH WEST CORNER OF A WALL ON THE WESTERLY SIDE OF THE YWCA. THE WALL ABUTS THE EASTERLY SIDE OF THE SIDEWALK. THE BROKEN SIDEWALK AREA IS ALSO 47' 6" SOUTH WEST OF THE NORTH WEST CORNER OF THE WALL AND 8' 2" SOUTH EAST FROM A `NO PARKING ANYTIME' METAL SIGN LOCATED ON THE EAST SIDE OF GLEN STREET." (Boice's Memorandum, Exhibit A: Boice's Notice of Injury; Defendant's Motion for Summary Judgment, Exhibit C: Boice's Notice.) Boice also submitted an amended notice of injury giving the same description and adding a sketched map showing Glen Street, the YWCA wall, the `no parking anytime' sign and the crack in the sidewalk. (Defendant's Motion, Exhibit C: Boice's Notice.) Boice's notice is more precise and comprehensive than the notice held to be adequate in McCann, supra, 33 Conn. App. 59, but CT Page 2478-i the City argues that Boice gives inconsistent locations in her deposition testimony, which was given eleven months after the injury, and that these inconsistent locations render the timely-filed notice inadequate. As stated in Esposito v. Wethered, 4 Conn. App. 641, 645, 496 A.2d 222
(1985), "[a] response to a question propounded in a deposition is not a judicial admission and may be contradicted at trial." Based on the holding of McCann, it cannot be said that the notice was inadequate as a matter of law since the notice does specify a location for the defect. The fact that the City could not find the defect is insufficient proof of the inadequacy of the notice. Since the notice is adequate and since any discrepancies between the location of the defect in the notice and in the deposition can be contradicted at trial, there exists a genuine issue of material fact in dispute as to the adequacy of the notice.
The City also argues that Boice was contributorily negligent due to walking inattentively and that this contributory negligence precludes recovery against the City pursuant to § 13a-149, which requires that the City must be the sole proximate cause of the injury. Boice argues in opposition that she has alleged that she was in the exercise of due care and that her contributory negligence is a factual issue that should not be decided on a motion for summary judgment.
"Allegations of due care must be specifically pleaded in a defective highway claim brought against a municipality and cannot be presumed."Mastrolillo v. Danbury, 61 Conn. App. 693, 699, 767 A.2d 1232 (2001). "[T]he plaintiff's contributory negligence . . . present[s] a factual issue for the jury." Hemmings v. Weinstein, 151 Conn. 502, 505,199 A.2d 687 (1964). "Conclusions of proximate cause are to be drawn by the jury and not by the court." (Internal quotation marks omitted.)Trzcinski v. Richey, 190 Conn. 285, 295, 460 A.2d 1269 (1983). "Whether or not the plaintiff [is] in the exercise of due care [is] a question of fact for the jury." Parker v. Hartford, 122 Conn. 500, 505, 190 A. 866
(1937).
In Steele v. Stonington, 225 Conn. 217, 222, 622 A.2d 551 (1993), the Supreme Court reversed the trial court's grant of summary judgment for the defendant city where the plaintiff failed to allege due care in the complaint, but did raise the factual issue by denying the defendant's special defense of contributory negligence. The Court said, "[t]he defendant's answer . . . alleged contributory negligence as a special defense, and the plaintiff denied this allegation in his reply. Thus, the pleadings do raise the plaintiff's due care as an issue of fact, rendering summary judgment on the plaintiff's 13a-149 claim inappropriate." Id.
Boice's amended complaint states that, "[a]t the time and place, the CT Page 2478-j Plaintiff was in the exercise of due care." (Boice's Amended Complaint, First Count, ¶ 5.) Based on the Supreme Court's decision in Steelev. Stonington, the complaint raises the issue of whether or not Boice was in the exercise of due care. Accordingly, the City has not met its burden of proving that there are no genuine issues of material fact as to whether the City was the sole proximate cause of the injury.
Based on the foregoing, the City's motion for summary judgment is denied as to count one of Boice's amended complaint.
 BY THE COURT Hon. Vanessa L. Bryant
CT Page 2478-k