[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ASTO COUNTS 2-9
McEleney McGrail for plaintiff.
Robinson Cole for defendant.
This is an action for wrongful discharge brought by the CT Page 10487 plaintiff against the defendant, Berger Lehman Associates, P.C., a former employer of the plaintiff, and also against several of its employees. The complaint also incorporates counts in slander, libel, intentional infliction of emotional distress, breach of the implied covenant of good faith and fair dealing, wrongful termination in violation of public policy, estoppel, and reckless disregard to the truth of the defendants' allegations.
The defendants have moved for summary judgment as to counts two through nine, which counts will be discussed separately.
DISCUSSION
Summary judgment is a method of resolving litigation when the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving, party. . . ." McCann v. New Haven, 33 Conn. App. 56
(1993), citing Strada v. Connecticut Newspapers, Inc.,193 Conn. 313, 316-17 (1984). The test is whether a party would be entitled to a directed verdict on the same facts.United Oil Co. v. Urban Redevelopment Commission, 150 Conn. 364,275-76 (1969), citing White Motor Co. v. United States,372 U.S. 253, 259, 83 S.Ct. 696, 9 L.Ed.2d 738 (63).
A. Count Two — Libel per se
In this count, the plaintiff alleges that a document written by the defendant, Eamon Cronin, an employee, stating "I have found the plaintiff to be generally lazy and either unwilling or unable to properly monitor reimbursable costs for state and city police" was libelous per se. The plaintiff was working as a traffic engineer. The memo was written to Cronin's superior. The defendants' claim that this count should be barred on the grounds that it was an intra-corporate document and thus not "published"; and secondly, did not constitute an expression of fact but was a statement of opinion, and thus not actionable.
The court agrees with the defendants' position and grants summary judgment as to this count. CT Page 10488
Although the courts are divided as to whether intra-corporate correspondence is deemed to be published when it is not disseminated to the public, the vast majority of jurisdictions, including the state and federal trial courts of this state, have held that those facts do not constitute publication. See MacCall v. United Foam Plastics, 6 Conn. L. Rptr. No. 11, 318 (May 18, 1992, Mihalakos, J.); L. Cohen Company, Inc. v. Dunn Bradstreet, Inc., 629 F. Sup. 1425,1427 (D. Conn. 1986), and cases cited therein.
In addition, the court finds that clearly the statement was not one of fact, but of opinion which is not actionable. "A statement can be defined as factual if it relates to an event or state of affairs that existed in the past or present and is capable of being known . . . an opinion, on the other hand is a personal comment about another's conduct, qualifications, or character that has some basis in fact."Goodrich v. Waterbury Republican-American, Inc., 188 Conn. 107
(1982).
 B. Count Three — Intentional Infliction of Emotional Distress
The defendants do not dispute that Connecticut law recognizes a cause of action for intentional infliction of emotional distress in the employment context, Petyan v. Ellis,200 Conn. 243 (1986). They claim, however, that the plaintiff is incapable of proving at least one of four elements of this cause of action, i.e. that the defendants' conduct was extreme and outrageous.[1]
The plaintiff has claimed in sworn testimony that at least one of the defendants used profanity as well as having made defamatory statements about him. Whether these statements rise to the level of being "extreme and outrageous" under all of the circumstances in this case is, indeed, a question of fact for the trier. "Summary judgment is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent, and subjective feelings and reactions." Batick v.Seymour, 186 Conn. 632, 646-647 (1982).
Defendants' motion for summary judgment as to this third count is denied. CT Page 10489
 C-1 Count four, implied contract, count five, express contract, and count six, breach of implied covenant of good faith and fair dealing.
The defendants attack these counts as being invalid pursuant to our Statute of Frauds, (General Statutes § 52-550) as not capable of being performed within one year. This challenge centers around the plaintiff's testimony and allegations that he was told prior to the commencement of his employment that the project for which he was being hired was expected to take "three to five years." These words are claimed by the defendants to require such conclusion by this court "as a matter of law." If the contract's express terms provide that it cannot be completed within one year, it would be void as within the Statute of Frauds. This provision must appear within the agreement itself or the statute does not apply. C.R. Klewin, Inc. v. Flagship Properties, Inc.,220 Conn. 569, 777 (1991).
In this case, there is no agreement as to the exact language of the employment contract. It therefore cannot be determined by this court that it falls within the, statute. It is for the trier of fact to determine what the parties agreed to.
The motion is denied as to these counts on the Statute of Frauds claim.
 C-2 Counts four and five — additional claim of no contract express or implied.
The defendants further claim that the plaintiff is relying on the defendant, Berger, Lehman's, personnel handbook as its basis of a breach of express and implied contract. The short answer to this is that although this may constitute a part of plaintiff's claim, it is not the stated basis of counts four and five. In addition thereto, whether a personnel manual may constitute an express or implied contract is a question of fact. Even if the plaintiff did not expressly rely on the manual, the facts and circumstances of his hiring may well have been influenced by it. See Coelho v.Posi-Seal Intl., Inc., 208 Conn. 106, 118 (1988), Finley v.Aetna Life Casualty, 202 Conn. 190, 197 (1987). CT Page 10490
The motion for summary judgment as to these counts on this ground is also denied.
 D — Count eight — alleged wrongful termination in violation of public policy
Plaintiff alleges that in terminating his employment preference was given to a non-resident individual, namely the son-in-law of a corporate officer in violation of General Statutes § 31-52a which statutorily gives preference for employment on public projects to State residents. This is actionable under Connecticut law as a violation of public policy. Sheets v. Teddy's Frosted Foods, 179 Conn. 47 (1980).
Plaintiff's sworn testimony is enough to create an issue of fact sufficient to overcome the motion, and consequently it is denied.
 E — Counts Five through Nine — The doctrine of after acquired evidence.
The basis of the summary judgment motion in this instance addresses the defendants' claim that the doctrine of after-acquired evidence bars these counts as valid causes of action. The genesis of the defendants' claim here is that the plaintiff misrepresented his qualifications when he applied for employment and would never have been hired had the truth been known. This doctrine is discussed in Preston v. PhelpsDodge Construction Co., 35 Conn. App. 850 (1944).
Plaintiff again has presented testimony under oath which, if believed, would refute claims by the defendants of misrepresentation as to his qualifications and as to the requirements for the position for which he was hired. It represents therefore a genuine issue of fact for the trier.
The motion as to this claim is therefore denied.
In summary, the defendants' motion for summary judgment is granted as to the second count and denied as to all of the remaining counts.
FREED, J.