[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION: RE MOTION TO STRIKE
The plaintiff, Mark Rearick has filed a five count complaint in defamation against Ronald Refkovsky. Specifically, the plaintiff alleges that he is employed by the New Canaan Public School System as head coach of the varsity baseball team and the head coach of the freshman boys basketball team. The plaintiff further alleges that on January 17, 1995, while he was coaching the freshman boys basketball team, the defendant, a basketball referee, ejected him from the game and subsequently stated to CT Page 12856 five individuals at the game that he "smelled alcohol" on the plaintiff's breath at the time of the ejectment. The plaintiff alleges that the statement by the defendant was "false and malicious."
The defendant filed an answer and special defenses. The plaintiff then moved to strike the defendant's second and third special defenses which allege qualified and absolute privilege, respectively.
Pursuant to Practice Book § 152(5), a motion to strike may be used to contest the legal sufficiency of a special defense. Bouchard v. People's Bank, 219 Conn. 465, 468 n. 3,594 A.2d 1 (1991). In deciding a motion to strike, the court must construe the allegations in the light most favorable to the non-moving party. Novametrix Medical Systems, Inc. v. BOC Group,Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). In considering a motion to strike, the court is limited to the grounds specified in the motion to strike. Blancato v. Feldspar Corp., 203 Conn. 34,44, 522 A.2d 1235 (1987); Kopsick v. Yale University,6 Conn. L. Rptr. 895 (June 24, 1992, Maiocco, J.), quoting Meredith v.Police Commissioner of Town of New Canaan, 182 Conn. 138,438 A.2d 27 (1980).
In his second special defense the defendant alleges that "[t]he statements attributed to the defendant, if made as alleged, are subject to a qualified privilege in that they were made in the discharge in good faith of a duty the defendant owed in the course of his employment as a basketball referee." The plaintiff argues that this special defense should be stricken because there is no qualified privilege for the statement made by the defendant.
"Privilege is an affirmative defense in a defamation action and must, therefore, be specially pleaded by the defendant."Miles v. Perry, 11 Conn. App. 584, 594 n. 8, 529 A.2d 199 (1987). "The essential elements [of a conditional or qualified privilege] are (1) an interest to be upheld, (2) a statement limited in its scope to this purpose, (3) good faith, (4) a proper occasion, and (5) a publication in a proper manner to proper parties only." Id., 595.
The defendant has failed to allege sufficient facts to demonstrate a qualified privilege. Accordingly, the motion to strike the defendant's second special defense is granted. CT Page 12857
In his third special defense the defendant alleges that "[t]he statements attributed to the defendant, if made as alleged, were expressions of opinion and therefore, absolutely privileged under the First Amendment of the Constitution of the United States." The plaintiff contends that the defendant's third special defense should be stricken because opinions are not absolutely privileged under the First Amendment. Specifically, the plaintiff contends that the First Amendment protection of opinions has been overruled by the United States Supreme Court inMilkovich v. Lorain Journal Co., 497 U.S. 1, 110 S.Ct. 2695,111 L.Ed.2d 1 (1990), and therefore, Goodrich v. Waterbury, 188 Conn. 107,448 A.2d 1317 (1982) is no longer valid law with regard to opinions.
The court in Milkovich did not hold that statements of opinion are never entitled to constitutional protection under the First Amendment, but rather, the court discussed the differences between statements of opinion and fact, and the respective protection by the First Amendment to such statements. Milkovichv. Lorain Journal Co., supra, 497 U.S. 12-23, 110 S.Ct. 2702-08, 111 L.Ed.2d ___. In Masson v. New Yorker Magazine, Inc., 501 U.S. 496,516, 111 S.Ct. 2419, 115 L.Ed.2d 447 (1991), the court discussed its decision in Milkovich. The court stated that inMilkovich, "we refused to create a wholesale defamation exemption for anything that might be labeled opinion. . . . We recognized that expressions of opinion may often imply an assertion of objective fact. . . . We allowed the defamation action to go forward in that case, holding that a reasonable trier of fact could find that the so-called expressions of opinion could be interpreted as including false assertions as to factual matters." (Citation omitted; internal quotation marks omitted.) Id., 516.
Furthermore, courts of this state have continued to recognize the defense of opinion in a defamation action. See Hansen v.Berger, Lehman Associates, P.C., 12 Conn. L. Rptr. 555, 556 (October 14, 1994, Freed, J.); Mozzochi v. Pearlman, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 526785 (December 14, 1993, Allen, J.). Accordingly, the plaintiff's motion to strike the defendant's third special defense on the ground that the United States Supreme Court has overruled the protection of opinion under the First Amendment is denied.[1]
D'ANDREA, J. CT Page 12858