## SUZANNE PASSINI ET AL. *v.* TOWN OF WINCHESTER
### (AC 15953)

Lavery, Heiman and Hennessy, Js.

Submitted on briefs March 24—officially released June 10, 1997

*Terence D. Mariani* filed a brief for the appellants (plaintiffs).

*Jeffrey D. Lynch* and *Andrew B. Goodwin* filed a brief for the appellee (defendant).

*Opinion*

LAVERY, J. The plaintiffs, Suzanne Passini and her mother, Patricia Passini, appeal from the summary judgment rendered by the trial court in favor of the defendant town of Winchester. The plaintiffs claim that the

trial court improperly determined that they failed to give the required written notice of Suzanne Passini's injuries to the defendant pursuant to General Statutes § 13a-149.[1] On appeal, the plaintiffs claim that the trial court improperly granted the defendant's motion for summary judgment because the court was presented with evidence of written notice, thereby demonstrating a genuine disputed issue of material fact. We agree and reverse the judgment of the trial court.

The following facts and procedural history are necessary for the disposition of this appeal. On June 21, 1993, the plaintiff Suzanne Passini was injured when she tripped and fell on an allegedly defective sidewalk adjoining Willow Street in Winchester. The plaintiffs claim in their amended complaint[2] and affidavits that written notice was given to the Winchester town clerk.

Paragraphs seventeen through twenty-four of the plaintiffs' amended complaint state: "17. At the instruc-

---

[1] General Statutes § 13a-149 provides: "Damages for injuries by means of defective roads and bridges. Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. If the injury has been caused by a structure legally placed on such road by a railroad company, it, and not the party bound to keep the road in repair, shall be liable therefor. No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."

[2] Practice Book § 176 (c) provides in pertinent part: "[A] party may amend his pleadings or other parts of the record or proceedings at any time subsequent to that stated in the preceding section in the following manner . . . (c) By filing a request for leave to file such amendment, with the amendment appended, after service upon each party as provided by Sec. 120, and with

tion of the Town Clerk information on the fall and bills for medical attention to the Plaintiff, Suzanne Passini, were delivered to Dianne Drabik, an employee of the Defendant. In a phone conversation in late June of 1993 with Plaintiff Patricia Passini Dianne Drabik said she had a note containing the information on the claim.

"18. A bill for medical services rendered to Suzanne Passini by Dr. Dan Chilton on June 22, 1993 was delivered per the Town Clerk's instructions to Dianne Drabik on or before July 1, 1993.

"19. A handwritten note on yellow-lined paper setting out all the details recited in subparagraph a) to e) [of paragraph sixteen detailing the plaintiff's fall] was also delivered along with Dr. Chilton's bill to Dianne Drabik.

"20. Dr. Chilton's bill was not paid promptly and at the end of July or August an additional copy of his bill and another note repeating the information in subparagraph 16 a) thru 16 e) was brought to the Town Clerk's office by Patricia Passini who was given directions to Dianne Drabik's office and told to give the papers to her.

"21. When the second written notice was delivered to Dianne Drabik in late July or August she again she said she was aware of the claim on behalf of Suzanne Passini and referred to a hard-covered register in her office in which the details of the incident were written.

"22. Other bills submitted to the Defendant were processed by Defendant and paid by or on behalf of the Defendant.

---

proof of service endorsed thereon. If no objection thereto has been filed by any party within fifteen days from the date of the filing of said request, the amendment shall be deemed to have been filed by consent of the adverse party. . . ."

The plaintiffs requested permission to amend their complaint, pursuant to Practice Book § 176, on October 27, 1995. The date of objection was November 15, 1995. Since fifteen days had passed, by rule the amended complaint was and is the operative complaint.

"23. A 'Loss Notice' dated July 15, 1993 was issued by the Defendant through its employee Dianne Drabik to Defendant's insurance carrier.

"24. The 'Loss Notice' accurately recited the details of Suzanne Passini's fall. The notice is attached hereto as Exhibit 1."

The plaintiff Patricia Passini stated in an affidavit: "[N]ear the end of June I received Dr. Chilton's bill for the June 22, 1993 services to Suzanne for her knee injury. As I had been instructed to do I sent the bill to Dianne Drabik [an employee in the town clerk's office]. With the bill I put in a handwritten note on yellow-lined paper. In the note I repeated the details of Suzanne's June 21, 1993 Willow Street fall putting in writing the information I had given to the Town Clerk's office in my June 22, 1993 phone call."

On June 1, 1995, the plaintiffs, under the Freedom of Information Act; General Statutes § 1-19 (a); requested from the defendant any documents relating to the plaintiff's fall and injury. The plaintiffs received from the defendant a "loss notice" and a record of medical payments by the defendant on behalf of the plaintiff. The loss notice was sent from the defendant to its insurance carrier and contained information concerning the fall.

On December 28, 1995, the trial court denied the defendant's motion to dismiss the plaintiffs' action for lack of the statutory notice, required by § 13a-149. On March 22, 1996, the trial court granted the defendant's motion for summary judgment on the ground that the plaintiffs failed to comply with the § 13a-149 notice requirement. The trial court's granting of the defendant's motion for summary judgment is the sole basis for this appeal.

"Summary judgment is a method of resolving litigation when the pleadings, affidavits and any other proof

submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . .

"Section 13a-149 provides that before an action for personal injury caused by a defective road may be brought against a municipality bound to keep it in repair, the claimant must first give the municipality written notice of such injury and a general description of the same, and of the cause thereof and the time and place of its occurrence. Whether notice is sufficient is normally a question of fact for the jury. . . . The sufficiency of the notice is to be tested by the purpose of the statute, and not by the requirements of a pleading. . . . The obvious purpose of [the statutory notice provision] is that the officers of municipal corporations, against which suits for injuries are about to be instituted, shall have such precise information as to time and place as will enable them to enquire into the facts of the case intelligently. . . . Notice is sufficient if it enables one of ordinary intelligence, using ordinary diligence under the circumstances, to ascertain where the injury occurred. . . ." (Citations omitted; internal quotation marks omitted.) *McCann* v. *New Haven*, 33 Conn. App. 56, 58–59, 633 A.2d 313 (1993).

The plaintiffs assert that whether the plaintiffs gave the defendant written notice, as required by § 13a-149, is a genuine issue of material fact, and thus the trial court improperly granted summary judgment. We agree.

In its memorandum of decision, the trial court stated that the plaintiffs' complaint did not allege the giving of a *written* notice. The plaintiffs clearly pleaded, however, that written notice was given to the town clerk, as reflected in paragraphs seventeen through twenty-

four of the amended complaint. In addition, the plaintiffs filed affidavits and documentary evidence substantiating their claim that written notice was given to the town clerk.

The plaintiffs also attached a copy of a "loss notice" that the plaintiffs received from the defendant as a result of a freedom of information request. This "loss notice" was issued by the town to its insurer and indicated the plaintiff's injury, the cause of the injury, and the time and place of the injury, thereby furnishing all relevant information that § 13a-149 requires. The "loss report" was reported by Dianne Drabik from the defendant's town clerk's office and was dated July 15, 1993, which was within the ninety day time limit for the issuance of notice, as prescribed by § 13a-149.

The judgment is reversed and the case is remanded with direction to deny the motion for summary judgment and for further proceedings.

In this opinion HENNESSY, J., concurred.

HEIMAN, J., dissenting. The majority concludes that the operative complaint to be considered in this appeal is the amended complaint dated October 23, 1995, and further concludes that the trial court improperly rendered summary judgment in favor of the defendant. Accordingly, it reverses the judgment of the trial court and remands the case for further proceedings. I believe that the result reached by the majority is incorrect, and, thus, I dissent.

The majority, in reaching its decision, relies on its determination that the operative complaint to be considered on appeal is the amended complaint dated October 23, 1995. The majority reaches this remarkable conclusion despite the fact that the trial court determined that the operative complaint was the original complaint filed by the plaintiffs, which failed to allege

that written notice was afforded to the defendant pursuant to the provisions of General Statutes § 13a-149. Further, the plaintiffs in this appeal do not argue that the trial court relied on the wrong complaint in reaching its decision, nor do they claim error in the trial court's reliance thereon.[1] They merely assert that the operative complaint was the amended complaint.[2]

Certain historical facts must be recited to make the issue clear. In the original complaint dated June 16, 1995, the plaintiffs, with respect to their claimed compliance with the provisions of § 13a-149, alleged merely that notice was given to the defendant.[3] The defendant pleaded by way of special defense that the plaintiffs had failed to provide notice to the town of Winchester.[4]

On October 27, 1995, the plaintiffs filed an amended complaint in which they attempted to flesh out their

[1] The majority's reliance on Practice Book § 176 is misplaced because we may not review an issue that was not raised by the parties either at trial or on appeal. See Practice Book § 4061; see also *Lynch* v. *Granby Holdings, Inc.*, 230 Conn. 95, 98, 644 A.2d 325 (1994); *Pietrorazio* v. *Santopietro*, 185 Conn. 510, 512–15, 441 A.2d 163 (1981). We may review a claim not raised at trial or on appeal only when the claim warrants plain error review. As the parties failed, however, to raise this claim at all in their appellate briefs, they failed to request plain error review. Moreover, the issue of whether the trial court improperly relied on the original complaint "does not warrant plain error review because such a claim of error does not implicate interests of public welfare or of fundamental justice between the parties." *Lynch* v. *Granby Holdings, Inc.*, supra, 99.

[2] Practice Book § 384 provides: "The judgment sought shall be rendered forthwith if the *pleadings*, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Emphasis added.) Thus, the issue of what complaint is to be considered by the trial court is a matter of importance in the resolution of whether the trial court properly granted summary judgment.

[3] Paragraph sixteen of the original complaint reads: "16. Notice as required by statute was given to the Defendant. In giving notice to the Defendant the Plaintiffs had no intention to mislead Defendant and the Defendant was not in fact misled."

[4] The defendant's second special defense states: "BY WAY OF SECOND SPECIAL DEFENSE:

The plaintiff failed to provide notice to the Town of Winchester required by Connecticut General Statutes § 13a-149."

claim of having provided the proper statutory notice to the defendant.[5] The defendant filed an objection to the

[5] The allegations of the amended complaint that deal with the issue of notice are as follows:

"16. Notice as required by Connecticut General Statutes § 13a-149 was given to the Town Clerk of the Defendant. The Town Clerk was notified that: a) Suzanne Passini fell as described in the Complaint at about 6:30 p.m. June 21, 1993. b) Her fall occurred on Willow Street in Winchester on the sidewalk on the northerly side of Willow Street between the Little League Baseball Field and the building at 140 Willow Street which is across Willow Street from the ballfield. c) The fall was caused by a defect in the sidewalk described in subparagraph b) above. The defect was identified as a hole in the sidewalk at that location which was big enough to, and did in fact, receive the Plaintiff Suzanne Passini's left foot as she was jogging on the Willow Street sidewalk. d) As a result of her foot going into the hole Suzanne Passini fell and twisted her left leg and seriously injured her left knee. e) Payment was being sought for the losses resulting from the fall.

"17. At the instruction of the Town Clerk information on the fall and bills for medical attention to the Plaintiff, Suzanne Passini, were delivered to Dianne Drabik, an employee of the Defendant. In a phone conversation in late June of 1993 with Plaintiff Patricia Passini Dianne Drabik said she had a note containing the information on the claim.

"18. A bill for medical services rendered to Suzanne Passini by Dr. Dan Chilton on June 22, 1993 was delivered per the Town Clerk's instructions to Dianne Drabik on or before July 1, 1993.

"19. A handwritten note on yellow-lined paper setting out all the details recited in subparagraph a) to e) above was also delivered along with Dr. Chilton's bill to Dianne Drabik.

"20. Dr. Chilton's bill was not paid promptly and at the end of July or August an additional copy of his bill and another note repeating the information in subparagraph 16 a) thru 16 e) was brought to the Town Clerk's Office by Patricia Passini who was given directions to Dianne Drabik's office and told to give the papers to her.

"21. When the second written notice was delivered to Dianne Drabik in late July or August she again said she was aware of the claim on behalf of Suzanne Passini and referred to a hard-covered register in her office in which the details of the incident were written.

"22. Other bills submitted to the Defendant were processed by the Defendant and paid by or on behalf of the Defendant.

"23. A 'Loss Notice' dated July 15, 1993 was issued by the Defendant through its employee Dianne Drabik to Defendant's insurance carrier.

"24. The 'Loss Notice' accurately recited the details of Suzanne Passini's fall. The notice is attached hereto as Exhibit 1.

"25. The defect described in Paragraph 16 c) was repaired by the Defendant on June 22, 1993.

"26. In giving notice to the Defendant the Plaintiffs had no intention to mislead Defendant and the Defendants were not in fact misled."

request for leave to amend the complaint that appears to have been filed on November 15, 1995. The plaintiffs filed an objection to the defendant's objection on November 21, 1995. In their objection, the plaintiffs asserted that "[s]aid objection was not filed within the time required by our rules. Further, said objection, even if timely filed, lacks merit." Neither the objection to the request for leave to amend nor the plaintiffs' objection to the objection was ever heard and determined by the trial court.

On March 5, 1996, the defendant filed its answer and special defenses addressed specifically to the plaintiffs' original complaint dated June 16, 1995, and not answering the purported amended complaint. Moreover, the trial court's memorandum of decision also specifically relied on the original complaint. Thus, I believe that the operative complaint to be considered on appeal is the original complaint dated June 16, 1995, not the amended complaint on which the majority relies.

The majority concludes that whether the plaintiffs gave the defendant written notice, as required by § 13a-149, is a genuine issue of material fact, and thus the trial court improperly granted summary judgment. I disagree.

" '[I] initially note the standard of review of a trial court decision granting a motion for summary judgment. Practice Book § 384 mandates that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A material fact is a fact that will make a difference in the result of the case. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to

a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.' " *Budris* v. *Allstate Ins. Co.*, 44 Conn. App. 53, 56–57, 686 A.2d 533 (1996).

Upon close examination of the original complaint, answer, affidavits, and exhibits on which the trial court relied, I believe that the plaintiffs failed to present any evidence that they provided notice to the defendant as required by § 13a-149. Thus, as there were no genuine issues of material fact before the trial court, it properly granted summary judgment in favor of the defendant.

General Statutes § 13a-149 provides that "[a]ny person injured . . . by means of a defective road or bridge may recover damages from the party bound to keep it in repair." The statute provides further, however, that "[n]o action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to *a selectman or the clerk of such town* . . . ." (Emphasis added.)

In a September 15, 1995 affidavit, the defendant's town clerk alleged that the defendant had never received any notice from the plaintiffs. In Patricia Passini's October 20, 1995 affidavit, she alleged that she gave written notice to a certain Dianne Drabik. While Patricia Passini explains that the defendant's office of the town clerk directed her to "a town employee" by the name of Dianne Drabik, nowhere does she allege that Drabik is a selectman or a town clerk, or even a

selectman's or town clerk's agent. The plaintiffs also submitted to the trial court a "Loss Notice" issued by the defendant to its insurer. The loss notice was submitted by Drabik, and lists her as the contact person for the defendant. The loss notice, however, places Drabik in the defendant's accounting department, not in its town clerk's office. Further, the loss notice identifies Drabik as a town employee, but not as a town selectman or a town clerk.

Thus, according to the pleadings, affidavits and exhibits relied on by the trial court, the plaintiffs failed to present the trial court with any evidence that they complied with the § 13a-149 notice requirement by giving written notice to a selectman or town clerk of the defendant. Therefore, I believe that the trial court correctly found that there were no genuine issues of material fact, and properly granted the defendant's motion for summary judgment. I would affirm the judgment of the trial court.