[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue raised by the defendant's motion to strike the plaintiff's highway defect action, brought pursuant to General Statutes § 13a-149, is whether the description of the location of the occurrence in the plaintiff's statutory notice is deficient as a matter of law. The court concludes that it is.
The amended complaint alleges that "[o]n or about October 20, 1995, while walking up Whitney Avenue in the City of New Haven, the plaintiff, Frances Bradshaw abruptly and without warning, suddenly tripped over a severely cracked portion of the sidewalk," thereby sustaining personal injuries and other damages. The plaintiff alleges that the sidewalk was in a dangerous and defective condition and that she caused the notice required by General Statutes § 13a-149 to be served on the clerk of the City of New Haven. That notice stated in relevant part:
 "Place and Time: At approximately 4:30 p. m. on October 20, 1995, Frances Bradshaw was walking up Whitney Avenue when her right foot got caught in a crack in the sidewalk.
 "In the event any of the foregoing information is in any way ambiguous or, in the reader's view misleading, please advise the undersigned immediately so that supplemental information can be provided in an expeditious manner."
The defendant has moved to strike the complaint because the notice fails to state the place of the injury as required by General Statutes § 13a-149.
"Under the common law, municipalities enjoyed immunity for injuries caused by defective highways. White v. Burns,213 Conn. 307, 313, 567 A.2d 1195 (1990); see also W. Prosser W. Keeton, Torts (5th Ed. 1984) § 131. This immunity has been legislatively abrogated by § 13a-149, which allows a person to recover damages against a municipality for injuries caused by a defective highway.White v. Burns, supra, 312. Section 13a-149 provides the exclusive remedy for a person seeking redress against a municipality for such CT Page 12085 injuries. Sanzone v. Board of Police Commissioners, 219 Conn. 179,192, 592 A.2d 912 (1991).
"As a condition precedent to maintaining an action under §13a-149, a plaintiff must provide a municipality with notice that meets the statutory requirements. Pratt v. Old Saybrook,225 Conn. 177, 180, 621 A.2d 1322 (1993); Sanzone v. Board of PoliceCommissioners, supra, 219 Conn. 185; Marino v. East Haven, supra,120 Conn. 578-79. The statute requires that the notice contain the following five essential elements. (1) written notice of the injury; (2) a general description of that injury; (3) the cause; (4) the time; and (5) the place thereof. Pratt v. Old Saybrook,supra, 180; Marino v. East Haven, supra, 579; Sizer v. Waterbury,113 Conn. 145, 156, 154 A. 639 (1931). A plaintiff who fails to comply with these requirements cannot maintain a cause of action against a municipality. Pratt v. Old Saybrook, supra, 180-81;Marino v. East Haven, supra, 579; Nicholaus v. Bridgeport,117 Conn. 398, 402, 167 A. 826 (1933)." Martin v. Plainville,240 Conn. 105, 109, 689 A.2d 1125 (1997). It is the fifth element with which the court is concerned here.
"`"Ordinarily, the question of the adequacy of notice is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts of the particular case. Morico v. Cox, 134 Conn. 218, 223, 56 A.2d 522
(1947) . . . ." Zotta v. Burns, [8 Conn. App. 169], 173 [,511 A.2d 373 (1986)].' Bresnan v. Frankel, [224 Conn. 23, 27-28,615 A.2d 1040 (1992)]. `Before submitting the question to the jury, however, the trial court must first determine whether, as a matter of law, a purported notice patently meets or fails to meet the statutory requirements. . . . Zotta v. Burns, supra, 173.' (Internal quotation marks omitted.) Bresnan v. Frankel, supra, 28." Murray v.Commissioner of Transportation, 31 Conn. App. 752, 755,626 A.2d 1328 (1993). "`The sufficiency of the notice is to be tested by the purpose of the statute, and not by the requirements of a pleading. . . . The obvious purpose of [the statutory notice provision] is that the officers or municipal corporations, against which suits for injuries are about to be instituted, shall have such precise information as to time and place as will enable them to enquire into the facts of the case intelligently. . . . Notice is sufficient if it enables one of ordinary intelligence, using ordinary diligence under the circumstances, to ascertain where the injury occurred . . . .' (Citations omitted; internal quotation marks omitted.) McCann v. New Haven, 33 Conn. App. 56, 58-59,633 A.2d 313 (1993)." Passini v. Winchester, 45 Conn. App. 413, 417
CT Page 12086 (1997). Unlike the notice requirement for § 13a-144, the notice the notice requirement of § 13a-149 should be liberally construed in favor of the plaintiff. Pratt v. Old Saybrook,225 Conn. 177, 182-83, 621 A.2d 1322 (1993).
In Schaap v. Meriden, 139 Conn. 254, 93 A.2d 152 (1953), the Supreme Court held that a notice did not sufficiently identify the place of the occurrence where it stated that the plaintiff "while walking in an easterly direction on the southerly side of the street and highway known as west Main Street, Meriden, near the intersection of Runge Avenue, on November 8, 1949 at about 7:30 P.M. did step into a hole existing in said street and highway near the edge of a manhole cover . . . ." Id., 255-56. In Greenberg v.Waterbury, 117 Conn. 67, 167 A. 83 (1933), the court held that a description of the occurrence as being "upon a sidewalk of a highway known as North Elm Street" was insufficient.[1] These cases leave no doubt but that the notice here — "walking up Whitney Avenue" in New Haven — is an insufficient description of the location of the occurrence of the defect under General Statutes §13a-149 as a matter of law.
"Drawing a second arrow from [her] quiver"; State v. Turner,24 Conn. App. 264, 269, 587 A.2d 1050, cert. denied, 218 Conn. 910,591 A.2d 812 (1991); the plaintiff argues that the notice is rescued by the "savings clause" in General Statutes § 13a-149. Section 13a-149 provides that no notice "shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby." The plaintiff points to the statement in her notice inviting the city to contact her attorney if there were any questions concerning the notice or the incident.
First, it is well to note that the adequacy of the notice required by General Statutes § 13a-149 must be judged on its own, unaided by any other documents which the plaintiff may have but which are not included with or in the notice. See Ozmun v. Burns,
supra, 18 Conn. App. 680; but see Passini v. Winchester, supra, 417-418. Second, "[t]he savings clause applies only where the information provided in the notice is inaccurate, not where information is entirely absent." Martin v. Plainville, supra,240 Conn. 113. In the present case, the plaintiff cannot be afforded the relief of the savings clause because the notice she provided was not merely inaccurate but failed to give any description of the CT Page 12087 place of the occurrence and, thus, did not comport with one of the five fundamental requirements for perfected notice. Any "concern about the harsh result that she perceives is produced by adherence to the statutory notice requirements is a concern best addressed to the legislature. This court cannot, by judicial fiat, amend an unambiguous and reasonable statute such as § 13a-149." Id.,
113-114.
The defendant's motion to strike is granted.
BY THE COURT
Bruce L. LevineJudge of the Superior Court