[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE (#102)
The defendants move to strike the plaintiffs second count of the amended complaint on the ground that notice was insufficient pursuant to General Statutes § 13a-149.
On January 8, 2001, the plaintiff, Deborah Parrish, filed a two count complaint against the defendants, the Town of Enfield (Town) (count one) and the Board of Education (Board) (count two), alleging a violation of their statutory duty to keep and maintain sidewalks in a reasonably safe condition. The plaintiff alleges injuries that occurred on January 11, 1999, at approximately 8:40 a.m., as a result of a slip and fall on a walkway leading from Glen Oak Drive to the Prudence Crandall School. Count two of the amended complaint[1] alleges that "[n]otices of the incident was duly given to the Defendant on February 2, 1999, a copy of said notices being annexed hereto and designated Exhibit A and Exhibit B." Exhibit A is addressed to the Town of Enfield, Town Clerk and Exhibit B is addressed to the Enfield Board of Education.
On May 23, 2001, the defendants filed a motion to strike count two of the plaintiffs complaint, along with a supporting memorandum of law. The defendants argue that the notice sent to the Board did not name a particular individual and, therefore, the action cannot be maintained pursuant to General Statutes § 13a-149, the defective highway statute. The plaintiff filed an objection to the defendants' motion to strike on June 6, 2001. The plaintiff argues that the complaint states that notice was given to the Board on February 2, 1999, and because facts in the complaint are construed in the light most favorable to the plaintiff, the notice was sufficient and this motion to strike should be denied.
"The purpose of a motion to strike is to contest . . . the legal CT Page 10877 sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 1998). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 588,693 A.2d 293 (1997). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Id., 580. The plaintiff is not required to expressly allege facts if they are necessarily implied. See Pamela B. v. Ment, 244 Conn. 296, 308,709 A.2d 1089 (1998).
In order to maintain an action pursuant to § 13a-149, a plaintiff must provide notice that meets the statutory requirements. Martin v.Plainville, 240 Conn. 105, 109, 689 A.2d 1125 (1997). Section 13a-149
provides, in pertinent part: "No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation."
"The sufficiency of the notice is to be tested by the purpose of the statute, and not by the requirements of a pleading. . . . The obvious purpose of [the statutory notice provision] is that the officers of municipal corporations, against which suits for injuries are about to be instituted, shall have such precise information as to time and place as will enable them to enquire into the facts of the case intelligently. . . .Notice is sufficient i/it enables one of ordinary intelligence, usingordinary diligence under the circumstances, to ascertain where the injuryoccurred. . . ." (Emphasis added.) Passini v. Winchester,45 Conn. App. 413, 417, 696 A.2d 1021 (1997); see also Martin v.Plainville, 240 Conn. 105, 111, 689 A.2d 1125 (1997) ("[a]s a matter of fundamental fairness, a municipality should be sufficiently apprised of a general description of a plaintiffs alleged injuries so that it can assess its exposure and allocate resources, which may be scarce in smaller towns, to facilitate an appropriate investigation and the hastening of a possible settlement").
In Sbriglio v. Wethersfield, Superior Court, judicial district of Hartford, Docket No. 439399 (October 18, 1996, Hennessey, J.) (18 Conn.L.Rptr. 72), the defendant moved for summary judgment on the ground that the plaintiff failed to notify any of the individuals specifically mentioned in the statute. In Sbriglio, the plaintiff addressed her notice CT Page 10878 to the town manager rather than the town clerk. As the evidence presented established that notice was in fact received by the proper party, this court held that the notice given was sufficient and denied the defendant's motion for summary judgment. See also Costello v. Norwalk, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 268834 (April 25, 1991, Katz, J.) (6 C.S.C.R. 480) (notice incorrectly addressed to the town clerk as opposed to the city clerk, but received four days later by the appropriate person held "not [to] prove fatal so long as the notice reaches the right hands within the required period of time"); Bliss v. Norwalk, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 135308 (February 9, 1995,D'Andrea, J.) (holding that a notice improperly addressed to the town clerk, instead of the city clerk, satisfied the requirements of §13a-149 because it "reached the right hands . . . within the requisite period of time"); Georgie v. Rockville, 16 Conn. Sup. 135, 136 (1949) (holding that "[t]he address of the notice is unimportant provided that the information required by the statute is contained in the notice, and that the notice is given to the designated official").
The allegations contained in count two of the amended complaint do not indicate that the proper official failed to obtain notice, nor did the defendants specifically make such a claim. Rather, they argue that the notice, as written, is not addressed to any particular individual. As the Connecticut Supreme Court stated, however, in Brennan v. Fairfield,255 Conn. 693, 707, 768 A.2d 433 (2001), "The statute does not require the plaintiff to include the name [of the particular individual] in her notice." Thus, construing the allegations in the light most favorable to the plaintiff, notice as alleged is sufficient to withstand a motion to strike. Hence, this court denies the defendants' motion to strike count two.
Hennessey, J.