[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Richard E. Kelly, brings this action against the defendants, Administrators of the Estate of Albert J. McGrail, and Kristen McGrail, seeking payment of a note executed on April 5, 1989, by Albert and Kristen McGrail, claimed to be due on April 5, 1992, in the amount of $121,000.00. In his amended complaint, the plaintiff alleges that the defendants defaulted on the note. This action is being brought pursuant to General Statutes § 52-592, the accidental failure of suit statute.[1]
The defendant estate now moves for summary judgment on the ground that the plaintiff's action is barred by the statute of limitations prescribed by General Statutes § 52-588. General Statutes § 52-588 provides in relevant part: "No action shall be brought on a negotiable note, if the holder thereof has been notified in writing by the maker thereof, or his attorney or agent, that such note was obtained of the maker in pursuance of a conspiracy, or of a general intent to defraud, unless the same is brought within one year after such notice was given, or six CT Page 1297-ao months after such note became due; nor shall any claim on such note be maintained against the estate of any deceased person or insolvent debtor, unless such claim is presented within the time above specified after notice as aforesaid."
Among other things, in support of the motion, the defendant has submitted a detailed affidavit by Albert McGrail, now deceased,[2]
dated December 19, 1996, a letter from Albert and Kristen McGrail to the plaintiff, dated March 31, 1992, giving notice of their claim that the $121,000 note was obtained by the plaintiff with the general intent to defraud, along with a copy of a sheriff's return dated April 2, 1992, evidencing abode service of the letter on plaintiff.[3] The March 31, 1992 letter further informed the plaintiff of the intent of Albert and Kristen McGrail to bring an action for fraud.
In his original opposition to the motion for summary judgment, the plaintiff argues that a material issue of fact exists as to whether the March 31, 1992 letter was received by the plaintiff; or, alternatively, that the letter was insufficient as a matter of law to trigger the six month statute of limitations set forth in § 52-588. Following oral argument held on October 15, 2001, the plaintiff supplemented these arguments claiming § 52-588 is inapplicable because the $121,000 note is not negotiable and that the statutory purpose of § 52-588 was served when Albert and Kristen McGrail commenced their own lawsuit against the plaintiff alleging fraud in May 1992,[4] within the six month statute of limitations, even though that lawsuit was ultimately dismissed for dormancy on June 24, 1994.
 I
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitled him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Community Action for Greater Middlesex County, Inc. v. AmericanAlliance Ins. Co., 254 Conn. 387, 397-98, 757 A.2d 387 (2000). "A `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, CT Page 1297-ap 578, 573 A.2d 699 (1990). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751, 660 A.2d 810 (1995).
"Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945
(1996). Summary judgment is appropriate on statute of limitations grounds when the "material facts concerning the statute of limitations [are] not in dispute. . . ." Burns v. Hartford Hospital, 192 Conn. 451, 452,472 A.2d 1257 (1984).
 II
For the reasons articulated below, the court finds that the letter of March 31, 1992, from Albert and Kristen McGrail was sufficient to trigger the six month statute of limitations contained in § 52-588. The plaintiff originally filed an action demanding payment on the note on June 5, 1996,[5] more than four years after Albert and Kristen McGrail notified the plaintiff that the note was obtained by fraud, and well beyond six months after the note became due on April 5, 1992. There being no genuine issue of material fact regarding either the sufficiency of the notice or the fact that the instant lawsuit was filed no sooner than June 5, 1996, the plaintiff's lawsuit is time barred.
Although the plaintiff states in his affidavit filed with his opposition to the motion for summary judgment that he did not receive the March 31, 1992 letter and did not learn of it until sometime after he filed suit on the note, these assertions are insufficient in light of the sheriff's return indicating abode service was made on April 2, 1992. The general rule is that matters stated in an officer's return are presumed to be true. Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 53, 459 A.2d 503
(1983). The officer's return is "prima facie evidence of the facts stated therein." Jenkins v. Bishop Apartments, Inc., 144 Conn. 389, 390,132 A.2d 573 (1957). As in cases involving motions to dismiss, a party's uncorroborated, self-serving affidavit is insufficient to overcome the presumption of truth attached to the officer's return. Ludacer v. VisualDesign Group, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 149411 (August 8, 1996, Lewis, J.); see also GMACMortgage Corp. v. Barclay, Superior Court, judicial district of Hartford at Hartford, Docket No. 593711 (June 15, 2000, Stengel, J.); Gillandersv. Dow Corning Corp., Superior Court, judicial district of Waterbury, Docket No. 304876 (February 9, 1995, Vertefeuille, J.)
(13 Conn. L. Rptr. 442).
The plaintiff does not claim that the address listed as his usual place of abode in the officer's return is incorrect. Rather he baldly asserts CT Page 1297-aq that it was not received. "[B]ald assertion[s], without more, [are] insufficient to raise a genuine issue of material fact capable of defeating summary judgment. . . ." Connecticut Bank Trust Co. v.Carriage Lane Associates, 219 Conn. 772, 784, 595 A.2d 334 (1991). The plaintiff's statements in his affidavit are insufficient to overcome the presumption of truth attached to the officer's return.
The plaintiff also contends that even if he did receive the letter, it was insufficient notice under § 52-588 because it did not contain language sufficient to inform a reasonable person that the provisions of the statute were applicable. The plaintiff's argument is unavailing. "Ordinarily, the question of the adequacy of notice is one for the jury and not for the court. . . . Before submitting the question to the jury, however, the trial court must first determine whether, as a matter of law, a purported notice patently meets or fails to meet . . . the statutory requirements." (Citation omitted; internal quotation marks omitted.) Bresnan v. Frankel, 224 Conn. 23, 27-28, 615 A.2d 1040 (1992). "[N]otice need not be expressed with the fullness and exactness of a pleading." (Internal quotation marks omitted.) Lussier v. Dept. ofTransportation, 228 Conn. 343, 356, 636 A.2d 808 (1994). "The sufficiency of the notice is to be tested by the purpose of the statute, and not by the requirements of a pleading." (Internal quotation marks omitted.)Passini v. Winchester, 45 Conn. App. 413, 417, 696 A.2d 1021 (1997). The purpose of the notice requirement in § 52-588 is to "allow the maker of a note who claims fraud in its procurement to seek a prompt determination of the issues while memories are fresh and witnesses are available." Pacelli Bros. Transportation, Inc. v. Pacelli, 189 Conn. 401,414, 456 A.2d 325 (1983).
In Pacelli Bros. Transportation, Inc. v. Pacelli, supra, 189 Conn. 414, the plaintiffs claimed that sufficient notice, entitling them to invoke the statute of limitations in § 52-588, was given by "an allegation in a paragraph of the complaint served upon the defendants that `had full disclosure . . . and . . . no misrepresentations been made . . . the plaintiffs would not have accepted the agreement of October 2, 1974 and would not have executed the note and mortgages referred to in that agreement.'" Id., 413. The Supreme Court held that the allegations of the complaint were insufficient because they made no reference to the "pursuance of a conspiracy, or of a general intent to defraud as prescribed by the statute, nor does it contain any other language sufficient to inform a reasonable person that the provisions of §52-588 were to become operative." (Internal quotation marks omitted.) Id., 414.
In the present case, the March 31, 1992 letter was very specific and contained the statutory language that was lacking from the notice in CT Page 1297-arPacelli. The McGrails' letter states in pertinent part as follows: "Your failure to comply with your representations that the road would be completed in accordance with the Mayfair Subdivision Plan by the end of the summer of 1989-leads us to conclude that the Promissory Note of April 15, 1989 in the amount of $121,000 (and its amendments), was obtained by you with the general intent to defraud us." (Defendant's Memorandum, Exhibit A.) This language is sufficient to inform a reasonable person that the provisions of the statute would become operative. Furthermore, the purpose of the notice requirement, as recited in Pacelli Bros.Transportation, Inc. v. Pacelli, supra, 189 Conn. 414, would be defeated if the plaintiff is allowed to maintain this action, particularly in light of the fact that Albert J. McGrail is now deceased.
The plaintiff claims in his supplemental memorandum that because the note requires additional undertakings by the obligor it is not a negotiable instrument and, therefore, the statute does not apply. Specifically, the plaintiff contends that the obligations "to pay all taxes and assessments on said property, to furnish any mortgagee with policies of insurance with an extended coverage endorsement insuring against loss by fire . . . and . . . to perform all agreements contained in any prior mortgage and in any prior note secured by such prior mortgage," render the note nonnegotiable. (Plaintiff's Supplemental Memorandum, p. 9.) The defendant counters this argument by stating that the additional undertakings cited by the plaintiff are to protect the collateral to secure payment, which does not destroy the negotiability of the note and is permissible under the Uniform Commercial Code.
General Statutes § 42a-3-104[6] defines negotiable instrument. This statute provides that "the promise or order may contain (i) an undertaking or power to give, maintain, or protect collateral to secure payment. . . ." General Statutes § 42a-3-104 (a)(3)(i). While there is no Connecticut case law examining this issue since the Uniform Commercial Code was adopted, a court in Texas analyzed whether these types of provisions destroy the negotiability of a note in Burns v.Resolution Trust Corp., 880 S.W.2d 149, 153 (Tex.App. 1994). In Burns,
the court held that the obligation to pay taxes and to maintain insurance is a promise to protect the collateral. It stated that the "failure to pay taxes could cause the noteholder to lose the collateral through foreclosure of a tax lien on the property." Id.
In the present case, the provisions described by the note executed by the parties are to protect the collateral and to secure payment of the debt. Therefore, the note is negotiable and this argument does not defeat the applicability of the statute of limitations found in § 52-588.
The plaintiff further argues in his supplemental memorandum that Albert CT Page 1297-as and Kristen McGrail's conduct subsequent to the service of the letter obviated the need for the plaintiff's compliance with § 52-588. The plaintiff contends that the purpose of the statute was effectuated once Albert and Kristen McGrail filed their 1992 action against the plaintiff, and, therefore, the plaintiff was not required to comply with the time provisions of the statute.
There is no authority supporting the plaintiff's argument. The plaintiff's reliance on Pacelli Bros. Transportation, Inc. v. Pacelli,
supra, 189 Conn. 401, is misplaced. Pacelli addressed the issue of whether the plaintiff's notice in that case was sufficient under §52-588. Nothing in Pacelli suggests that once the statutory notice is given, and suit is filed against the holder of a note allegedly obtained by fraud, compliance with the statute is no longer required by any of the parties. To the contrary, the language in Pacelli suggests otherwise. In particular, Pacelli notes that "[w]here a party seeks the benefit of a statute requiring a prescribed form of notice to trigger its operation, we have insisted upon strict compliance with the statutory requirement." Id. It is unreasonable to conclude that a party seeking to impose §52-588 would be held to "strict compliance" while a party seeking to escape its provisions could rely on his adversary to save him from his own inattention or neglect. This claim, as with all the plaintiff's claims in opposition to the motion for summary judgment, is without merit.
 CONCLUSION
Accordingly, for all the foregoing reasons, there are no genuine issues of material fact in dispute and the defendant is entitled to judgment as a matter of law on the ground that the plaintiff's claim is time-barred under General Statutes § 52-588.
Peck, J.