[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: AMENDED MOTION TO STRIKE (NO. 119 — DATED FEBRUARY 21, 2002) AND OBJECTION (NO. 121 — DATED FEBRUARY 26, 2002)
In her complaint of October 23, 2000, the plaintiff, Deborah Daniels, alleged that, on November 11, 1998, she slipped and fell on a wet spot on the floor of her employer's (Hubbell's) kitchen and thereby sustained personal injuries. Her employer was a tenant in a building which the plaintiff asserted was maintained and controlled by the defendant, Felner Corporation. She further asserted her injuries were caused by the defendant's negligence in maintaining the floor, ice machine and lighting in the kitchen.[1] Subsequently, the plaintiff's employer, Hubbell, Incorporated, intervened pursuant to the Workers' Compensation Act.[2]
The second intervening complaint (dated November 23, 2001) governs.
The defendant filed an answer and, on January 18, 2002, filed a counterclaim against Hubbell. On January 23, 2002, the defendant filed a request to amend its answer along with a proposed amended answer and counterclaim.[3] Hubbell made no objection to this pleading. In its counterclaim, the defendant sought indemnification from Hubbell for the damages for which the defendant may be liable.
The defendant's counterclaim asserted that, prior to November 11, 1998, Hubbell leased the subject property from Fairhaven Investors Limited Partnership (a defendant in one of the previously referenced consolidated actions). It also alleged Hubbell controlled and maintained the ice machine, and installed, possessed, controlled, and maintained the automatic lighting in the kitchen. Felner further alleged that, if the plaintiff were injured at the time and place she alleged, her injuries were caused not by Felner's negligence but by the negligence of the plaintiff and/or Hubbell. Alternatively, it asserted that, if it were negligent, its negligence was passive or secondary and Hubbell's negligence was active or primary, and that the kitchen area was in the exclusive possession and control of Hubbell pursuant to a lease between it and Fairhaven. Finally, Felner alleged it did not know and had no CT Page 6123 reason to know of Hubbell's negligence.
In its amended motion to strike (No. 119), Hubbell argues (1) the defendant's counterclaim should be stricken because it is barred by the exclusive remedy provision of the Workers' Compensation Act and, (2) the counterclaim is untimely pursuant to General Statute § 52-584 because it was filed after the pleadings were closed. The defendant counters that its pleading is timely because Hubbell failed to object to its request to amend its answer and counterclaim and because a defendant can file a counterclaim at any stage of the proceeding so long as it relates back to the same transaction. Though the defendant does not respond to Hubbell's contention the counterclaim is barred by the exclusivity provision of the Workers' Compensation Act, the court addresses the same herein.
"[A] motion to strike challenges the legal sufficiency of a pleading. . . ." (Internal quotation marks omitted.) Gazo v. Stamford,255 Conn. 245, 260 (2001). "If the facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384 (1994). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or thetruth or accuracy of opinions stated in the pleadings." (Emphasis in original; internal quotations marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 588 (1997). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215 (1992)
As to the timeliness issue, Connecticut General Statute § 52-584
provides in relevant part:
 No action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered . . . except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed.
Additionally, a party who contends a counterclaim is untimely because filed after the pleadings are closed should file an objection thereto or the argument is waived. See Moore v. Sergi, 38 Conn. App. 829, 832, n. 2 (1995). Moreover, the defendant filed a request for leave to amend its answer and counterclaim pursuant to Practice Book § 10-60(n) which states in part a party may amend his or her pleadings at any time by "filing a request for leave to file such amendment, with the amendment CT Page 6124 appended. . . ." Practice Book § 10-60(a)(3). It continues, "If no objection thereto has been filed by any party within fifteen days from the date of the filing of said request, the amendment shall be deemed to have been filed by consent of the adverse party." Id.
A motion to strike is the proper procedure to attack the legal sufficiency of an amended pleading that is filed in violation of Practice Book § 10-60; see Northeast Gunite Grouting Corp. v. Chapman,20 Conn. App. 201, 204 (1989); the defendant, however, complied with this section by filing a request for leave to amend its answer. Therefore, pursuant to Practice Book § 10-60(a)(3), Hubbell, by failing to object to the defendant's request to amend, is deemed to have consented to the amendment. Passini v. Winchester, 45 Conn. App. 413, 414-15 n. 2 (1997).
Hubbell's second argument is that the defendant's counterclaim is barred by the exclusivity file of the Workers' Compensation Act because the defendant's pleading failed to allege there existed an independent legal relationship between it and Hubbell. The defendant's failure to brief this issue ordinarily constitutes a waiver. See Ferrara v. Hospitalof St. Raphael, 54 Conn. App. 345, 351, cert. denied, 251 Conn. 916
(1999). In the interest of justice, however, this court exercises her discretion to discuss the merits of the issue. See Flores v.Viveros-Velazquez, Superior Court, judicial district of Windham at Putnam, Docket No. 063971, 2000 WL 1835363 *2 (November 21, 2000, Foley,J.) (court exercises its discretion to address merits of motion to strike despite non-movant's failure to file memorandum in opposition thereto).
The exclusive remedy provision of the Workers' Compensation Act, General Statute § 31-284 (a) provides, in relevant part: "[a]n employer . . . shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment. . . ." In its counterclaim, the defendant asserts a claim for common law indemnification against the employer Hubbell. "When the third party, in a suit by the employee, seeks recovery over against a contributorily negligent employer, contribution [or indemnification] is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive remedy clause. But if the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed. The right to indemnity is clear when the obligation springs from a separate separate contractual relation, such as an employer-tenant's express agreement to hold the third-party landlord harmless . . . or a contractor's obligation to perform his work with due care. . . ." (Internal quotation marks omitted.) CT Page 6125Ferryman v. Groton, 212 Conn. 138, 144-45 (1989). "In view of the exclusivity of workers' compensation relief, indemnity claims against employers as joint tortfeasors warrant the special additional limitation of an independent legal relationship. Skuzinski v. Bouchard Fuels Inc.,240 Conn. 694, 699 (1997).
"Thus, in order to plead outside the exclusivity of workers' compensation, it is essential that the third party properly alleges the required elements of indemnification as well as the existence of an independent duty between the parties. . . . Although establishing an implied promise to indemnify or an independent duty . . . may overcome the workers' compensation exclusivity bar, courts have construed this exception very narrowly." (Citations omitted; internal quotation marks omitted.) Rowan v. Briasco, Superior Court, judicial district of Middletown, Docket No. 088887 (January 25, 2000, Gordon, J.) (26 Conn.L.Rptr. 309, 310); see also Korch v. Brooklyn GeneralRepair, Inc., Superior Court, judicial district of Windham at Putnam, Docket No. 059896, 2000 WL 543228 *2 (April 30, 2001, Foley,J.) ("In cases where a defendant seeks indemnification from an injured plaintiff's employer, however, an additional pleading requirement is mandated in order to overcome the exclusivity provision of the Workers' Compensation Act.").
Because the defendant has failed to allege an independent legal relationship between it and Hubbell, the intervening plaintiff's (Hubbell's) motion to strike the counterclaim is granted.
B.J. SHEEDY, JUDGE.